**JUDGE KARAS**  **10 CIV 4266**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MODESTO HERNANDEZ,
an individual,

        Plaintiff,

vs.

VERNON HILLS SHOPPING CENTER,
L.L.C., a New York Limited Liability
Company and
LT PROPCO, L.L.C.,
a Delaware Limited Liability Company,

        Defendants.
------------------------------------------------------x



**COMPLAINT**

**JURY TRIAL NOT/DEMANDED**

**Index No.**
**ECF CASE**

Judge

    Plaintiff, MODESTO HERNANDEZ, through his undersigned counsel, hereby files this Complaint and sues VERNON HILLS SHOPPING CENTER, LLC, a New York Limited Liability Company and LT PROPCO, LLC, a Delaware Limited Liability Company, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq, and N.Y. Exec. § 296(2)(a) and alleges:

<u>**JURISDICTION AND PARTIES**</u>

1.    This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq., and N.Y. Exec. § 296 et. seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and pendant and supplemental jurisdiction over state law claims that are alleged

herein pursuant to 42 U.S.C. § 1367, *et seq.*

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, MODESTO HERNANDEZ, (hereinafter referred to as "MR. HERNANDEZ"), is a resident of the State of New York.

4. Plaintiff, MR. HERNANDEZ, is a qualified individual with a disability under the ADA. MR. HERNANDEZ suffers from Polio and requires a wheelchair to ambulate safely.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, the Defendants, VERNON HILLS SHOPPING CENTER, LLC, and LT PROPCO, LLC, (hereinafter referred to as "VERNON and PROPCO" or collectively as "Defendants"), either own, lease and/or operate the real property and improvements which are the subject of this action, to wit: the "Property," known as Vernon Hill Shopping Center, generally located at 700 White Plains Rd, Scarsdale, NY 10583.

7. All events giving rise to this lawsuit occurred in the Southern District of New York, Westchester County, New York.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a public accommodation, subject to the ADA, located at 700 White Plains Rd, Scarsdale, NY 10583.

10. MR. HERNANDEZ has visited the Property located 700 White Plains Rd, Scarsdale, NY 10583, numerous times.

11. During these visits, MR. HERNANDEZ experienced serious difficulty accessing the goods

and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

12. MR. HERNANDEZ continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. HERNANDEZ intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

14. Defendants are in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following violations:

   A. inaccessible parking designated for disabled use due to improper distribution of disabled parking spaces which are not served by curb cuts and which are located on slopes in excess of 2%;

   B. inaccessible service and payment counters in tenant spaces throughout the Property due to excessive height;

   C. inaccessible routes, sidewalks and paths of travel which fail to fully connect between stores and which have excessive slopes, and ramps which are steep, lack proper handrails and are not flush to the ground; and

   D. inaccessible merchandise aisles in tenant spaces throughout the Property due to protruding objects and narrow width.

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access.

16. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. The Plaintiff has been obligated to retain counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

**COUNT II-VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**

(N.Y. Exec. Law § 290 <u>et seq.</u>)

22. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

23. Defendants operates business establishments dealing with goods and/or services within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law section 290 <u>et seq</u>.

24. The conduct alleged herein violates the ADA.

25. The conduct alleged herein violates the NYSHRL.

26. The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any ... owner ... of any place of public accommodation, ....because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law. section 296(2)(a).

27. The Defendants have violated the NYSHRL by, *inter alia*, denying Plaintiff and members of the Class, as persons with disabilities, some of the accommodations, advantages, facilities or privileges offered by Defendants, by refusing to make reasonable modifications to accommodate disabled persons.

28. In doing the acts and/or omission alleged herein, Defendants wrongfully and unlawfully denied access to their facilities to individuals with disabilities.

29. The Defendants have further violated the NYSHRL by being in violation of the rights provided under the ADA.

30. Plaintiff visited Defendants' Property numerous times and encountered architectural barriers

as described in Paragraph 14.

31. By maintaining architectural barriers and policies that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by VERNON and PROPCO. Failure on the part of Defendants, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendants.

32. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

33. Plaintiff pray for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## THIRD COUNT III-VIOLATION OF NEW YORK'S CIVIL RIGHTS LAW §40-c

### (N.Y. Civ. Rights §§ 40-c and 40-d)

34. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

35. As owner and/or operator of retail stores in New York, Defendants operate places of public accommodation within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights section 40 et seq.

36. The conduct alleged herein violates the NYSCRL.

37. Plaintiff has complied with the notice requirements of N.Y. Civ. Rights section 40-d as

notice of this action was served upon the attorney general prior to initiating suit.

38. Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

39. The Defendants have violated the NYSCRL section 40-c by, *inter alia*, by subjecting Plaintiff, as a person with a disability, to discrimination in his civil rights.

40. The Defendants have further violated the NYSCRL by being in violation of the rights provided under the ADA.

41. This has resulted in a cognizable injury to Plaintiff.

42. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

43. Plaintiff prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including minimum statutory damages, and all other relief allowed by law.

WHEREFORE, the Plaintiff demands judgment against VERNON and PROPCO, and requests the following relief:

    A. That the Court declares that the Property owned, leased and/or operated VERNON and PROPCO is in violation of the ADA;

    B. That the Court enter an Order directing VERNON and PROPCO to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing VERNON and PROPCO to evaluate and neutralize it's policies and procedures towards persons

with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures;

D. That the Court award compensatory and statutory damages pursuant to N.Y. Exec. Law section 297(9);

E. That the Court award statutory damages pursuant to N.Y. Civ. Rights sections 40-d;

F. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

G. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: May 27, 2010
      Bedford Village, NY

Respectfully submitted,
Ku & Mussman, P.A.
*Attorneys for Plaintiff*
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
T:(305) 891-1322; F:(305) 891-4512

By: _____
Vanessa M. Gronbach (VG0523)
KUNTZ, SPAGNUOLO & MURPHY, P.C.
*Local Counsel*
444 Old Post Road
Bedford Village, New York 10506
T:(914) 234-6363; F:(914) 234-6249